WRIT NO. W10-01183-J(D)                                    77,138-24

EX PARTE                                              IN THE CRIMINAL
                                                     DISTRICT COURT NO. 3
SENRICK WILKERSON                                    DALLAS COUNTY, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 29 2015

Abel Acosta, Clerk

APPLICANT'S RESPONSE TO STATE'S RESPONSE
FOR WRIT OF HABEAS CORPUS

The State continues to show prejudice against Senrick Wilkerson in all allegations that he continued to raise from cause No. F10-01183.

I.
HISTORY OF THE CASE

Applicant was illegally convicted and sentenced on 12/17/2010, for F10-01183 ~~compella~~ sexual performance by a child. The applicant was never once arrested, never once arraigned, and never once participated in any first preliminary initial appearances, for this case as is required by the Texas law. See Art. 15.17 Code Crim. Proc. The is no 'complaint' statement, no probable cause statement, and no sworn arrest affidavit for cause No. F10-01183. On 11/22/2010, Dallas Police Department filed the case above, and on 11/24/2010, prosecutor Brooke B. Grona-Robb filed the indictment and according to the trial docket sheet, none of these activities took place.

On 11/29/2010, the state issued the capias arrest warrant and failed to exercise due diligence on arresting Applicant due to the fact that the state dismissed the case above. The District Clerk of Dallas County stamped this message on the arrest warrant: DISMISSED ON MOTION OF DISTRICT ATTORNEY. But Dallas County is showing three (3) different arrest dates that never once occured.

II.
APPLICANT'S RESPONSE TO STATE'S RESPONSE

First off, Applicant filed this 11.07 Writ of Habeas Corpus for an out-of-time appeal, and he has presented to the courts a preponderance of the evidence.

Again, Applicant would have raised the fact that a motion for new trial was GRANTED on January 5, 2011; But his defense counsel never once made any attempts to inform Applicant of such motion. Also, the appeals lawyer was retained on February 11, 2011, and she had access to the Clerk's record, and she too, failed to inform Applicant that a new trial was GRANTED, just 19 days after the illegal conviction, on 12/17/2010. Quoting page 4, from State's response. "The purported document, however, was in the Court's file from the date it was filed by applicant. Applicant could have exercised reasonable diligence and requested a clerk's record before

Page 1 of 3

filing his previous application, but he did not. Accordingly, grounds one through three are procedurally barred." First off, defense counsel Calvin D. Johnson filed and signed the motion for new trial on 12/17/2010, whom was paid to represent Applicant effectively, to which Mr. Johnson' totally failed in his duties as a professional Texas licensed attorney. Applicant has filed so many motions, writs, letters, and petitions to this Court requesting the Record, the Clerk's record, the Discovery, etc. etc....... But this Court continued to ignore the Applicant. For example, this Court and the Court of Criminal appeals can refer to the Court of Appeals fifth Court in Dallas, and it will show how the Clerk's record was past due after Applicant had filed for an appeal for the denial of his Chapter 64 DNA testing. The Clerk's record was finally filed on May. 29, 2014, after several statements from the Court of Appeals, ordering the District Clerk more than three(3) different occassions to file the Clerk's record. So, again, the District Clerk never honors any request that were made by the Applicant. Therefore, when the new trial was GRANTED on January 5, 2011, Applicant had no way of knowing without the court officer's informing him of such. This is extreme prejudice, and has harmed Applicant, and denied Applicant his due process rights.

   Quoting page 4 from State's response: "Finally, it should be noted that applicant's motion for new trial was denied........." Page 5: "In one copy, some illegible markings appear over the order portion of the motion and immediately below is a handwritten and signed notation that appears to state, "I did not rule on this." (State's Ex.B). The hand-written notation is dated, July 7, 2011. (State's Ex.B)." The fact remains as this: A judge ruled on this motion on January 5, 2011, and he circled GRANTED. The ruled motion is clearly legible for anyone to read, and note that it is circled GRANTED. It is crystal clear that the motion for new trial was ruled on by this judge, because he then wrote this message on ~~7/7/2011~~ 7/7/2011, "I did not rule on this." see State's Ex.B. If this judge never ruled on it, then someone forged the signature of this judge, and circled GRANTED. The motion was GRANTED on January 5, 2011, and therefore, the Applicant is entitled to relief.
   Quoting page 5 of State's response: "This record shows the court never ruled on the motion for new trial. When on July 7, 2011, the

court discovered the copy of the motion with the notations, the court clarified the record by noting that it had not ruled on the motion." In response to the state's nonsense, the Clerk's record fails to show that anything was ruled on, or presented to the courts. When did the court discover that this motion was filed? Well, the Clerk's date stamp shows January 5, 2010, but meant to date it 2011. However, both documents from the court/state in Ex. A & B, was filed and date stamped January 5, 2010, (2011). It took over six (6) months for that judge to come back and write, "I did not rule on this." Someone did! And the applicant is entitle to a new trial due to the fact that the motion for new trial clearly shows that it is circled GRANTED. The State's Ex. B is proof that the motion for new trial was GRANTED on January 5, 2011. However, according to the State; "the court clarified the record by noting that it had not ruled on the motion." Applicant request the state to forward him and to the Court of Criminal Appeals, the copy of the transcript of the hearing, where the state apparently clarified the record on the motion for new trial. Relief must be GRANTED

## III
## CONCLUSION

The applicant respectually request that the Court of Criminal Appeals recommend relief, and order an immediate evidentiary hearing.

Respectfully submitted,

SENRICK WILKERSON 1885146
Ramsey I Unit
1100 FM 655 7E-2-177
Rosharon, TX 77583

CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2015, the foregoing document has been U.S. mailed to: Gary Fitzsimmons District Clerk, 133 N. Riverfront Blvd., LB12, Dallas, TX 75207 & Court of Criminal Appeals, P.O. BOX 12308, Austin, TX 78711.

SENRICK WILKERSON

EX PARTE

SENRICK WILKERSON

IN DISTRICT COURT
NO. 3
DALLAS COUNTY, TEXAS

## MOTION TO RECEIVE DOCUMENTS PURSUANT
## TO MICHAEL MORTORN ACT OF 2013

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Senrick Wilkerson, the Petitioner in the above and number cause and files this motion to receive the following documents pursuant to Michael Morton Act of 2013, From F10-01183 sexual performance by a child & F10-01184 sexual assault on a child:

1. The DPS Arrest Records,
2. The book-in sheets,
3. The 'complaint' statements,
4. The probable cause statements,
5. The sworn arrest affidavits,
6. The offense reports,
7. The arraignment sheets,
8. The First preliminary initial appearance sheets, and
9. The documents that were signed by defense Counsel Calvin D. Johnson, and the Petitioner, showing that arraignments were waived.

On 11/22/2010, Dallas Police Department filed cause Nos. F10-01183 & F10-01184, and on 11/24/2010 prosecutor Brooke B. Grona-Robb filed the indictments. Then, on 11/29/2010, the state issued the capias arrest warrants. Also on 11/29/2010, the state dismissed cause Nos. F10-01183 and F10-01184, But show an arrest date as Dec. 23, 2010. The Judicial Information & Criminal History Records from both cases above show an arrest date as 12/17/2010. U.S. District Court's former Magistrate Judge Jeff Kaplan, shows that Petitioner was arrested in September of 2010. See Case No. 3:11-CV-00659-B, page ID 53.

WHEREFORE, PREMISES CONSIDER, Petitioner has provided the courts with all three(3) arrest dates from both cases above, and request that this court to forward Petitioner the above documents listed from items 1-9, pursuant to Michael Morton Act of 2013.

Respectfully submitted,

SENRICK WILKERSON 1855146
Ramsey I Unit
1100 FM 655 7E-2-17T
Rosharon, TX 77583

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2015, the foregoing document has been US. mailed to: Gary Fitzsimmons District Clerk, 133 N. Riverfront Blvd, LB 12, Dallas, TX 75207 & Court of Criminal Appeals, P.O. BOX 12308, Austin, Texas 78711.

SENRICK WILKERSON

January 27, 2015

Court of Criminal Appeals
P.O. Box 12308
Capitol Station
Austin, Texas

RE: The Motions that were filed to Dallas County District Clerk's Office

Attn: Court of Criminal Appeals;

I have been filing Motions to Dallas County District Clerk's office for four (4) years now, and they never respond. Except for the motion for the Court to grant me time for the two years that I was out of jail on bond for F08-60213 Compelling prostitution, Judge Gracie G. Lewis denied that motion, and the Courts gave me notice. But whenever I file motions for F10-01183 sexual performance CH & F10-01184 sexual assault CH Dallas County ignores me and never responds to them, For example; I filed a motion for Court of Inquiry, a motion for Discovery, etc. etc., and Dallas County District Clerk's office will never respond, I had to file my federal 2254 writ of Habeas Corpus without the Court Reporter's record, the Clerk's record, any documents that I requested and filed for, and no complaints statements, no probable cause statements, no DPS arrest arrest records, and no sworn arrest affidavits from F10-01183 sexual performance CH & F10-01184 sexual assault CH; Just because Dallas County District Clerk's office continues to violate my due process of law rights. And the State of Texas continues to ignore me,

I am requesting relief in my motions that I have filed with Dallas County District Clerk's office from Cause Nos. F10-01183 & F10-01184. I know that this Court of Criminal Appeals could careless that I have been illegally convicted for four (4) years now because I am a BLACKMAN, locked away in prisons for two (2) sex crimes that I was never once arrested, never once arraigned for, and for that I never once committed! I can not believe that this state is that RACIST! You will not respond to this letter because you could careless that I am in prison illegally!

Sincerely
Seanrick Wilkerson

SEANRICK WILKERSON 1885146

CAUSE NOS. F10-01183 & F10-01184

EX PARTE                                    IN THE COURT OF CRIMINAL
SENRICK WILKERSON                           APPEALS
                                            IN AUSTIN, TEXAS

## PETITIONER'S WRIT OF MANDAMUS

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, Senrick Wilkerson, the Petitioner, pro se, in the above and numbered styled causes and files this writ of Mandamus with requesting that the Court of Criminal Appeals to ORDER Dallas County District Clerk to forward Senrick Wilkerson the following documents from F10-01183 sexual performance by a child & F10-01184 sexual assault on a child:

1. The 'complaint' statements,
2. The probable cause statements,
3. The sworn arrest affidavits,
4. The DPS Arrest Records,
5. The book-in sheets,
6. The Arraignment sheets,
7. The first preliminary initial appearance sheets,
8. The signed statement by Senrick Wilkerson, on 9/7/2008, before he was charged with F08-60213 Compelling prostitution & F08-60222 AGG promotion of prostitution,
9. The transcript of the Grand Jury hearings, between 11/22/2010 - 11/24/2010,
10. The copy of the transcript of hearing from 12/3/2010, in District Court No 3 in Judge Gracie G. Lewis Court,
11. All motions filed by defense Calvin D. Johnson,
12. All pass slips, and
13. A copy of all trial Docket sheets that show any and all plea offers, and all court appearances.

For four years, Senrick Wilkerson has never seen any of these documents from cause Nos. F10-01183 & F10-01184 because Dallas County District Clerk continues to show prejudice against the Petitioner.

WHEREFORE, PREMISES CONSIDERED, pursuant to ~~the~~ the Rules of the Writ of Mandamus Petitioner prays that this motion is GRANTED.

Respectfully submitted,

_(signature)_
SENRICK WILKERSON 1885146 PRO SE
Ramsey I Unit
1100 FM 655 7E-2-17T
Rosharon, TX 77583

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2015, the foregoing document has been U.S. mailed to: Court of Criminal Appeals, P.O. Box 12308, Capitol Station, Austin, Texas 78711.

_(signature)_
SENRICK WILKERSON

January 27, 2015

Court of Appeals
Fifth District of Texas at Dallas
600 Commerce Street, Suite 200
Dallas, Texas 75202

c/o Court of Criminal Appeals
P.O. Box 12308
Capitol Station
Austin, TX 78711

RE: Case 05-14-00007-CR/00008-CR
    F10-01183 & F10-01184

Dear RACIST Court of Appeals,
   You people didn't respond to any of my issues in that Chapter 64 DNA testing Appeals. If you looked at the Clerk's Record, you would have found that a Motion for New Trial was GRANTED on January 5, 2011. No one told me! I sat in Dallas County Jail illegally for 34 months and no one told me anything! The lawbooks in Texas state that the Court of Appeals do not have any type of jurisdiction once a Motion for New Trial was GRANTED. Your law, not my law!
   Of course there was no DNA evidence to test for both tainted sex cases above because Dallas Police never once investigated those cases! I requested that you order Dallas County to Forward me a copy of the documents listed in the Designation of Items, and you denied me of that right! You people are only up-holding these illegal convictions because I am BLACK; And you are protecting prosecutor Brooke B. Grona-Robb, appeals attorney Lori Ordiway, defense counsel Calvin D. Johnson, Judge Gracie G. Lewis & Keith Dean, and those RACIST officers at Dallas Police Department. Where are your responses from all 12 of my issues? You people better kill me in prison because I'm gonna put the World News all over this! Since when has the laws changed where a BLACK MAN can go to trial and get convicted for two sex crimes without never once getting arrested for them, and never getting arraigned for them! But Dallas County is showing 3 different made-up arrest dates for these tainted sex crimes! You are protecting yourself because you affirmed these illegal convictions! You will not give me an evidentiary hearing because you know that all of you will be exposed.
   Where are the DPS Arrest Records; where are the 'complaint' statements; where are the probable cause statements; where are the sworn arrest affidavits; where are the arraignment sheets; and when was I ever in court for cause Nos. F10-01183 & F10-01184! There are none! Because I am BLACK, you continue to show prejudice against me!

SENRICK WILKERSON

February 18, 2014

CERTIFIED MAIL RETURN
RECEIPT REQUESTED
NO. _____

Gary Fitzsimmons, Dallas County District Clerk
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB12
Dallas, Texas 75207

RE: Cause NOS. F10-01182, F10-01183, F10-01184 & F10-01185
Cause No. X13-1007-N; Case Nos. 05-14-00007-CR & 05-14-00008-CR

Dear District Clerk;

Enclosed here with this letter please find the following insufficient documents that are listed as the following below for the causes above:

1. The capias arrest warrants; (DISMISSED ON MOTION OF DISTRICT ATTORNEY)
2. The personal recognizance bonds signed by Judge Gracie Lewis on 12/3/2010, while I was never in any custody for these causes/offense's;
3. The letter from the Court Coordinator, dated Jan, 3, 2011;
4. The letter from Detective Michael B. McMurray, dated August 21, 2012;
5. The Judicial Information documents;
6. The motions to dismiss, for Cause Nos. F10-01182 & F10-01185, dated 12/30/2010;
7. The AIS Bond detail information, showing Personal Recognizance bonds posted on 2/24/2011;
8. The "PR" bond receipts from Dallas County Sheriff's bail bond section, showing a posted date of 2/24/2011; and
9. The trial docket sheet for cause No. F10-01184,

Please file these amoung the papers in these causes and bring them to the attention o the Court and the Head District Attorney, Mr. Craig M. Watkins. Please date stamp a copy of this letter and return it to me at the address below. A copy of this letter will be forwar to: The Court of Appeals in Dallas and The Court of Criminal Appeals State prosecuting attorney in Austin.

Sincerely,

SENRICK WILKERSON [PRO SE]
TDCJ NO. 1885146
Holliday Unit
295 IH-45 North B2-40
Huntsville, TX 77320